Young & Young, Norwalk, for plaintiff.
Rowley & Carpenter, Norwalk, for defendants.

## TRUXELL v TRUXELL et

Ohio Appeals, 6th Dist, Huron Co

No 313. Decided May 7, 1934

138

**OPINION**

By WILLIAMS, J.

The contention of the plaintiff is that under this will John F. Truxell took a life estate in an undivided one-third of the property and that an undivided one-third in the fee vested in the plaintiff and the defendant Leo Sperry Truxell, subject to said life estate.

The defendant, Olive C. Truxell, contends that her husband, John F. Truxell, took an interest in fee simple and that by her husband's will she was devised a life estate in the property with the right to use and consume the principal to such an extent as would be necessary to furnish her adequate support and maintenance if the net income from the life estate should prove insufficient, with the remainder over to the plaintiff and the defendant, Leo Sperry Truxell. If the latter contention is correct, partition could not be granted as prayed for.

Solomon Truxell died in 1904 leaving three farms, and after his death and during the same year his three children and devisees, Louis A. Truxell, John F. Truxell and Anna Prosser, entered into an agreement making divisions of the farms, each of the three children receiving a deed for one of them, the premises described in the petition being conveyed to John F. Truxell. After the death of Anna Prosser, her administrator brought an action to quiet title and sell, for the purpose of paying debts of the decedent, the farm conveyed to Anna Prosser under the agreement for division of the property. The Court of Common Pleas held in that action that Anna Prosser took a fee simple interest in the property under the will of Solomon Truxell and that a quitclaim deed which had been executed in 1905 by Ethel Truxell and Leo Sperry Truxell to Anna Prosser, purporting to convey any interest they might have in the premises allotted to Anna Prosser, was wholly unnecessary. No appeal was taken from the judgment in that case and error was not prosecuted.

In our judgment the result in that case is of no importance in the instant case, for the reason that the finding of the court that Anna Prosser took an estate in fee simple would not have any bearing on the question whether or not John F. Truxell took only a life estate under the same will. It also appears that neither Ethel Truxell nor Leo Sperry Truxell was a party to that action, and the fact that both of them joined in the quitclaim deed referred to would bar any rights they might have anyway.

Counsel for the defendant, Olive C. Truxell, contend not only that an absolute fee was devised to John F. Truxell under Item 4 of the will, but that there is no language used in Item 5 sufficiently clear to change the apparent intention of the testator as shown in Item 4. The principle sought to be invoked is stated in Fetterman v Bingham, 115 Oh St, 35, at page 44, in the following language:

"Further, the testator having created an absolute fee simple title in his daughter, Electa A. Bingham, subject to the conditions named therein, we fail to find language subsequently used in the will showing an intention to cut down this fee simple title to a life estate. To do so we think would be a violation of a very old and well-established rule of law of wills, to-wit, that where by clear and unequivocal terms an estate in fee simple is given in one item of a will, the same cannot be cut down to a life estate by implication only, less clear than

the intention to create the fee simple previously created."

This court has reached the conclusion that when Items 4 and 5 are construed together, the intention of the testator is plain and that those items clearly give a life estate only to John F. Truxell, with remainder over to Ethel and Leo Sperry Truxell.

In Item 4 the testator devises and bequeaths the real and personal property to his three children to share equally. This language, standing alone, would give a fee. But Item 5 starts with a limitation expressly referring to Item 4 and stating that as to the portion willed to John F. Truxell "he is to have only the yearly proceeds thereof." This language shows an intent to give John F. Truxell a life estate only.

In Item 5, appears this language:

"After said John F. Truxell's death, said portion bequeathed to him is to go to his two children, Ethel and Leo Sperz Truxell, to be theirs on arriving at age."

The use of the words "on their arriving at age" does not prevent the estate vesting in fee simple in the two children, subject to the life estate upon the death of the testator. Subsequent language used in the same Item shows that the testator had in mind that until the children arrived at age, the property would be in charge of a guardian.

We are aware of the Ohio cases regarding the engrafting of a remainder upon a fee, and many of these authorities are collected in **Trumbull v Stentz et, 34 Oh Ap, 34 (6 Abs 429).** We adhere to the view, however, that these cases have no application to the case at bar.

As the plaintiff and the defendant, Leo Sperry Truxell, took an estate in fee simple, subject to the life estate of their father, now deceased, the defendant Olive C. Truxell, has no interest in the premises involved and a decree is entered granting the prayer of the petition for partition of the property between the plaintiff and the defendant, Leo Sperry Truxell, and quieting title as against the claims of Olive C. Truxell.

Decree accordingly.

RICHARDS and LLOYD, JJ, concur.